IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRITTANY O., as Parent                                                                  PLAINTIFF
and Next Friend of L

v.                                             No. 4:14CV00135 JLH

BENTONVILLE SCHOOL DISTRICT, et al.                                                  DEFENDANTS

## OPINION AND ORDER

Brittany O. brings this action as parent and next friend of L under 42 U.S.C. § 1983, for violation of the Individuals with Disabilities Education Act of 2004, 20 U.S.C. § 1400, *et seq.*, the No Child Left Behind Act of 2001, 20 U.S.C. § 6301, *et seq.*, section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131-12165, and various state law claims. L is a child with a disability as defined in 20 U.S.C. § 1401(3) and was a student in the Bentonville School District in the 2012-13 school year. Brittany O. alleges that L was denied a free and appropriate public education by the Bentonville School District and the entity that runs and operates a therapeutic day treatment school where L was placed. The original defendants included the Arkansas Department of Education and Tom Kimbrell in his capacity as Commissioner of the Arkansas Department of Education. Tony Wood subsequently succeeded Kimbrell, and an amended complaint named Wood in his official capacity and added Kimbrell in his individual capacity as a defendant. Brittany O. contends that Kimbrell and the education department failed to monitor and supervise the Bentonville School District's placement of students such as L, thereby failing in their statutory duties and causing L's rights to be violated. A clerk's default has been entered against the Arkansas Department of Education, Wood in his official capacity, and Kimbrell in his individual capacity. These three defendants have

filed a motion to set aside default and a motion for extension of time. For the following reasons, the motion to set aside default and motion for extension of time are granted.

**I.**

Brittany O. filed her original complaint on March 5, 2014, and an amended complaint on July 16, 2014. Documents #1 and #10. On July 23, 2014, Kimbrell in his official capacity and the education department filed a motion to dismiss for failure to state a claim directed at the original complaint even though the amended complaint was already filed. At the time the amended complaint was filed, Kimbrell was no longer the Commissioner of the education department. As noted, Brittany O.'s amended complaint named Kimbrell as a defendant in his individual capacity and added Tom Wood, the current Commissioner of the education department, in his official capacity. However, Kimbrell was not served the amended complaint in his individual capacity. Apart from the motion to dismiss filed after the amended complaint but directed toward the original complaint, the education department, Kimbrell, and Wood have not responded to the amended complaint.

The lawyer representing the education department defendants was simultaneously working on a similar case, *Nadar v. Bentonville School District, et al.*, No. 4:14CV00363. Document #67 at 2. *Nadar* involved many of the same defendants, the same plaintiff's attorney, and similar legal issues. *Id.* In August 2014, counsel for Kimbrell, Wood, and the education department filed a motion to dismiss an amended complaint in the *Nadar* case and mistakenly thought this case had been addressed as well. *Id.* The plaintiff filed a motion for entry of default on October 7, 2014, and the clerk entered the default on October 8, 2014. Documents #61-64.

On October 9, 2014, the education department, Kimbrell, and Wood filed a motion to set aside the default and a motion for extension of time to file an answer. Documents #66 and #68. The plaintiff has not responded to that motion.

## II.

As noted, Kimbrell was originally named as a defendant in his official capacity as Commissioner of the education department. After he ceased to be Commissioner, the amended complaint added him as a defendant in his individual capacity. "[T]he distinction between official capacity suits and personal capacity suits is more than a mere pleading device." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (quoting *Hafer v. Melo*, 502 U.S. 21, 27, 112 S. Ct. 358, 362, 116 L. Ed. 2d 301 (1991)). A suit against a government official in his official capacity is another way of pleading an action against the governmental entity. *Chisom*, 501 F.3d at 925. When a government official is named as a defendant in his official capacity only, he is not a party to the suit in his individual capacity. *Id*. at 922-25. Therefore, the original complaint did not make Kimbrell a party to this action in his individual capacity, so the summons and the amended complaint must be served on him pursuant to Federal Rule of Civil Procedure 4, which has not been done. Because Kimbrell in his individual capacity has not been served, the time within which he must answer the amended complaint has not yet begun to run. Fed. R. Civ. P. 12(a)(1)(A). Therefore, the default against Kimbrell in his individual capacity must be set aside.

The education department defendants argue that because the motion to dismiss was filed after the amended complaint was filed, it should be considered responsive to the amended complaint. However, the motion to dismiss was directed at the original complaint not the amended complaint and "[i]t is well-established that an amended complaint supercedes [sic] an original complaint and

3

renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

The Eighth Circuit has addressed a similar issue, noting that some courts "treat an amended complaint as mooting a pending motion to dismiss the original complaint." *Cartier v. Wells Fargo Bank, N.A.*, 547 F. App'x 800, 803-04 (8th Cir. 2013).  There, both parties treated the pending motion to dismiss as a motion to dismiss the amended complaint.  The Eighth Circuit held that "[u]nder these circumstances, we conclude the district court acted within its discretion to treat the motion to dismiss the original complaint as a motion to dismiss the amended complaint." *Cartier*, 547 F. App'x at 803-04 (citing 6 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1476 (3d ed. 2013)).  The Federal Practice series that the court cited notes that any subsequent motion to an amended pleading should be directed at that amended pleading.  However, it also states "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.  To hold otherwise would be to exalt form over substance." *Id*.

Here, the defendants ask that its motion to dismiss be considered as a response to the amended complaint because the motion to dismiss was filed after the amended complaint.  They argue that the issues are the same with respect to both the original complaint and the amended complaint.  Although the motion to dismiss was not filed until after the amended complaint was filed, unlike *Cartier*, Brittany O. responded to the motion to dismiss by arguing that it was moot because it addressed the original complaint rather than the amended complaint.  Brittany O. did not respond to the motion to dismiss on the merits.

So that this case will be decided on the merits, the Court will consider the motion to dismiss as moot, which will give Brittany O. an opportunity to respond to that motion on the merits, and the Court will set aside the default, so the education department defendants can defend on the merits. "The judicial preference for adjudication on the merits goes to the fundamental fairness of the adjudicatory process." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "[T]he court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Excusable neglect occurs when "'the failure to comply with a filing deadline is attributable to negligence.'" *Union Pacific R.R. Co. v. Progress Rail Services Corp.*, 256 F.3d 781, 782 (8th Cir. 2001) (quoting *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). "In deciding whether to set aside a default judgment for 'excusable neglect' . . . the court should take account of 'all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Investment*, 507 U.S. at 395, 113 S. Ct. 1489). The factors to be considered include: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; (4) whether the movant acted in good faith; and (5) the existence of a meritorious defense. *Id.* at 782-83.

"Prejudice" does not mean delay alone or the fact that the defendant will be permitted to defend the case. *Johnson v. Dayton*, 140 F.3d 781, 785 (8th Cir. 1998). "Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in

5

discovery, or greater opportunities for fraud and collusion.'" *Id*. (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). No such prejudice is present here.

The delay between the entry of default and the motion to set the entry aside was not long and will not impact the proceedings. The amended complaint was filed on July 16, 2014. The entry of default occurred on October 8, 2014. The defendants moved to set aside the default on the following day. The motion to set aside the default was filed less than three months after the amended complaint was filed and one day after the clerk's entry of default. This delay will have no impact on the proceedings. *See Union Pacific R. Co.*, 256 F.3d at 783 (concluding that a motion to set aside judgment three weeks after defendant had notice of the default and less than six months after the filing of the complaint was a short-term delay that did not undermine the plaintiff's ability to advance its case).

Nothing suggests that the education department defendants acted in bad faith. They mistakenly thought that appearances were entered in both this case and *Nadar* because the two cases involve the same defendants, the same plaintiff's attorney, and many of the same issues.

As to whether the education department defendants have a meritorious defense, they contend that the arguments made in their motion to dismiss the original complaint are still valid arguments regarding the amended complaint. *Johnson*, 140 F.3d at 783. Absent a response to that argument, it appears that the education department defendants have a meritorious defense.

As noted, the Court must consider all relevant circumstances when considering if excusable neglect occurred. Two additional considerations weigh in favor of granting the motion to set aside the default. First, it is evident the education department defendants intended to defend this case. Although the education department defendants failed to check the docket prior to filing their motion

6

to dismiss, still they filed it. In contrast, the Eighth Circuit has held it was well within the district court's discretion to refuse to set aside an entry of default where the record clearly established the defendant chose to ignore the litigation. *Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434, 435-36 (8th Cir. 1997) (defendant sent a letter "explaining that [defendant] would not retain local counsel . . . [and] did not intend to enter an appearance in the litigation."). The circumstances of this case establish no willful decision to ignore the litigation.

Second, the importance of consistency of the judgments also weighs in favor of setting aside the entry of default. The education department's liability is derivative of Bentonville's liability. To allow an entry of judgment against the education department defendants when adjudication on the merits of Brittany O.'s Bentonville School District's case is ongoing could create inconsistent results. *Cf.* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2690 (3d ed. 2014). Here, it would make no sense to enter a default judgment against the education department defendants when their liability is contingent on the Bentonville School District being found liable. The Bentonville School District is not in default, and if it is determined that it did not violate L's right to a free and appropriate public education, the education department cannot be found liable.

## CONCLUSION

Considering all of the relevant factors and circumstances, good cause exists to set aside the default, so the motion to set aside default is granted. Document #66. The education department defendants' motion for extension of time pursuant to Federal Rule of Civil Procedure 6(b) is granted. Document #68. The Arkansas Department of Education and Tony Wood in his official capacity

7

must answer or otherwise respond to the amended complaint within twenty-one (21) days of the entry of this Opinion and Order.

    IT IS SO ORDERED this 7th day of November, 2014.

                                                    _____
                                                  J. LEON HOLMES
                                                  UNITED STATES DISTRICT JUDGE