## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

BRITTANY O, as parent and    PLAINTIFF
next friend of L

v.    No. 4:14CV00135 JLH

BENTONVILLE SCHOOL DISTRICT, et al.    DEFENDANTS

### OPINION AND ORDER

Brittany O is the parent of L, a child with a disability as defined in 21 U.S.C. § 1401(3). During the 2012-13 school year, L was a student enrolled in Thomas Jefferson Elementary School, which is within the Bentonville School District. L's diagnoses include attention deficit hyperactivity disorder, disruptive behavior disorder NOS, mood disorder NOS, oppositional defiant disorder, and sensory disorder. Brittany O alleges that L has been denied the right to receive a free appropriate public education and has experienced physical abuse, restraints, and seclusions, has been subjected to discrimination, has been deprived of opportunities and interaction with nondisabled peers, and has been segregated and subjected to excessive disciplinary removals from school.

In her amended complaint, Brittany O names as defendants the Bentonville School District; Michael Poore, Superintendent of the Bentonville School District; Tanya Sharp, Director of Special Education for the Bentonville School District; Brad Reed, Director of Student Services for the Bentonville School District; Amy Simpson, Section 504 Coordinator and Special Education Designee for Thomas Jefferson Elementary School; New Boston Enterprises, Inc., the parent company of Texarkana Behavioral Associates, L.C., operating under the names of Vista Health in Northwest Arkansas, as well as other fictitious names; Allen Morrison, a licensed professional counselor who was employed by Vista Health Outpatient Services; Veronica Odum, Program Manager for Vista TDT; the Arkansas Department of Education; Tony Wood, in his official capacity

as Commissioner of the Arkansas Department of Education; and Tom Kimbrell, the former Commissioner of the Arkansas Department of Education.[1]

Brittany O contends that the Bentonville School District did not provide L with a free appropriate public education.  Rather, after identifying him as disabled, the Bentonville School District transferred L to a therapeutic day treatment facility, Vista Health TDT, which is operated by Texarkana Behavioral Associates.  Brittany O's complaint alleges that Vista Health TDT simply warehouses children with mental disabilities, such as ADHD, and children who exhibit behavioral problems at school, for the purpose of billing Medicaid for their "treatment" and boosting their profits.  She alleges that L was housed in "prison like" conditions at Vista Health TDT, and that he was denied a free appropriate public education.  She also contends that the Arkansas Department of Education encouraged school districts to transfer students with disabilities to such day treatment facilities.

Brittany O's amended complaint alleges seven claims for relief.  Her first claim for relief is brought under 42 U.S.C. § 1983, alleging that L's rights under the first, fourth, and fourteenth amendment due process and equal protection clauses have been violated by all of the defendants.  Her second claim for relief is brought under the Individual With Disabilities Education Improvement Act of 2004 ("IDEA"), alleging that the Arkansas Department of Education failed to comply with its statutory requirement to monitor the Bentonville School District and to ensure that the Bentonville School District took effective measures to eliminate and remedy violations of the IDEA.

---

[1] The amended complaint names Kimbrell as a defendant in his individual capacity.  He has not been served with summons and complaint.  The amended complaint was filed on July 16, 2014, so the time for serving him has expired.  Fed. R. Civ. P. 4(m).  The Court gives notice that Kimbrell will be dismissed unless Brittany O shows good cause for failing to serve him within 120 days.  *Id.*

Her third claim for relief seeks from the Bentonville School District an award of attorneys' fees under 20 U.S.C. § 1415(i)(3), based on the fact that she prevailed against the school district in an administrative hearing. Her fourth claim for relief is brought under the No Child Left Behind Act of 2001, 20 U.S.C. §§ 6301 *et seq.*[2] Brittany O's fifth claim for relief is brought against the Arkansas Department of Education, the Bentonville School District, and Texarkana Behavioral Associates pursuant to section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*. Her sixth claim for relief is brought against the Arkansas Department of Education and the Bentonville School District pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. §§ 12131-12134. Her seventh claim for relief is brought under state law against Poore, Reed, Sharp, Simpson, Kimbrell, Morrison, and Odum for depriving L of his right to a free public education, and against Texarkana Behavioral Associates, Morrison, and Odum, for fraud, outrage, assault, and battery.

In her prayer for relief, Brittany O requests that the Court award compensatory damages; punitive damages against Texarkana Behavioral Associates, Morrison, Odum, Poore, Reed, Sharp, and Simpson; costs and attorneys' fees as the prevailing party under due process; and injunctive relief against the Arkansas Department of Education and the Bentonville School District to prevent students from being transferred to a therapeutic day treatment facility operated by Texarkana Behavioral Associates.

The defendants have filed several motions to dismiss. The Bentonville School District defendants also have moved to transfer this action to the Western District of Arkansas.

---

[2] Brittany O has agreed that the claim based on the No Child Left Behind Act should be dismissed, Document #82 at 29, so the Court will not address that claim.

3

## I. MOTION TO DISMISS BY TEXARKANA BEHAVIORAL ASSOCIATES FOR FAILURE TO SERVE SUMMONS AND PROCESS WITHIN 120 DAYS

Brittany O commenced this action by filing a complaint on March 5, 2014. One of the defendants named in the original complaint was Vista Health, d/b/a Vista TDT, d/b/a Vantage Point of Northwest Arkansas. On July 16, 2014, Brittany O filed an amended complaint, naming as the defendant Texarkana Behavioral Associates, L.C., a wholly owned subsidiary, d/b/a Vista Health, d/b/a Vantage Point of Northwest Arkansas. That defendant is the same defendant identified in the original complaint as Vista Health. On July 22, 2014, Texarkana Behavioral Associates, L.C., filed a motion to dismiss, arguing in part that Brittany O had failed to effect service of process within the time required by Rule 4 of the Federal Rules of Civil Procedure. Brittany O filed a response on August 5, 2014, arguing that her amended complaint had rendered the motion to dismiss moot. Texarkana Behavioral Associates filed an amended motion to dismiss on August 20, 2014, along with a brief in which it argued that Brittany O's filing of an amended complaint did not render the motion to dismiss moot. On that same day, August 20, Brittany O served summons and the amended complaint on Texarkana Behavioral Associates. *See* Document #59.

Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within 120 days after the complaint is filed, the court, on motion, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. However, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As Texarkana Behavioral Associates points out, the fact that Brittany O filed an amended complaint does not moot the motion to dismiss. *Bryant v. Brooklyn Barbeque Corp.*, 130 F.R.D.

4

665, 667 (W.D. Mo. 1990), *aff'd* 932 F.2d 697 (8th Cir. 1991). Rather, the appropriate course is for the plaintiff to amend the original complaint after serving it on the original defendants. *Id.*

Here, Brittany O never moved for an extension of time within which to serve Texarkana Behavioral Associates, nor has she argued, much less established, that good cause exists for her failure to serve Texarkana Behavioral Associates with summons and complaint within 120 days of the commencement of the action. Texarkana Behavioral Associates' motion and amended motion to dismiss are therefore GRANTED. Documents #17 and #45. Brittany O's complaint against Texarkana Behavioral Associates, L.C., is hereby dismissed without prejudice.

## II.     MOTION TO DISMISS BY THE ARKANSAS DEPARTMENT OF EDUCATION

### A.     *Whether Brittany O's complaint was timely under the IDEA.*

In her amended complaint, Brittany O sues Tony Wood, in his official capacity as Commissioner of Education, and the Arkansas Department of Education ("the Education Department defendants") for violations of the Individuals with Disabilities Education Act. These defendants were dismissed from the administrative action by the hearing officer on September 12, 2013. Document #74-2 at 2. Brittany O. then prevailed in the underlying administrative action. The hearing officer's final decision and order is dated November 25, 2013.[3] Document #25-1 at 31. The original complaint in this action was filed on March 5, 2014. Document #1. The Education Department defendants contend that Brittany O's IDEA claims are untimely.

---

[3] Brittany O argues that the Court may not consider these facts because they are not alleged in the complaint, but she is mistaken. In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), the Court may consider matters incorporated by reference or integral to the claim, items subject to judicial notice, and matters of public record. *United States ex rel. Paulos v. Stryker Corp.*, 762 F.3d 688, 696 (8th Cir. 2014).

The issue of what period of limitations applies to claims under the IDEA was first addressed by an Arkansas court in the case of *Birmingham v. Omaha Sch. Dist.*, 17 F. Supp. 2d 859 (W.D. Ark. 1998). In that case, the defendant challenged a decision by a hearing officer concluding that the school district had not violated the student's rights to a free appropriate public education. The defendant also sought attorneys' fees incurred during the due process hearing. At that time, the IDEA had no statute of limitations. When Congress has provided no statute of limitations for a federal cause of action, the practice of the federal courts is to adopt a statute of limitations from the state in which the forum court sits. *Wilson v. Garcia*, 471 U.S. 261, 266-67, 105 S. Ct. 1938, 1942, 85 L. Ed. 2d 254 (1985), *superceded by statute*, *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004). A court should "borrow" the state statute of limitations that is most analogous to the kind of claim at hand. *Lampf, Pleva, Lipkind, Prupis & Pettigrow v. Gilbertson*, 501 U.S. 350, 355-56, 111 S. Ct. 2773, 2778, 115 L. Ed. 2d 321 (1991).

In *Birmingham*, the district court concluded that the most analogous statute of limitations under Arkansas law for both the review of the due process hearing and the claim for attorneys' fees was the thirty-day period of limitations provided by the Arkansas Administrative Procedures Act for review of an administrative decision. *Birmingham*, 17 F. Supp. 2d at 865-66.

On appeal, the Eighth Circuit addressed only the issue relating to the proper time within which a complaint must be filed seeking review of an adverse decision in a due process hearing. *See Birmingham v. Omaha Sch. Dist.*, 220 F.3d 850 (8th Cir. 2000). Disagreeing with the district court, the Eighth Circuit concluded that the most analogous statute of limitations was the three-year period of limitations provided in Arkansas' general personal-injury statute of limitations. *Id*. at 855-56.

Four years after *Birmingham* was decided, Congress amended the IDEA to provide that a party aggrieved by the findings and decision made in a due process hearing under the IDEA "shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the statute has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. § 1415(i)(2). In 2005, the Arkansas General Assembly followed suit amending the Arkansas code provisions relating to the IDEA to include the following:

> Any party aggrieved by the findings and final decision made by the hearing officer shall have ninety (90) days from the date of the decision of the hearing officer to bring a civil action with respect to the complaint presented in either federal district court or a state court of competent jurisdiction pursuant to the Individuals With Disabilities Education Act, 20 U.S.C. § 1400 et seq., as amended, without regard to the amount, if any, in controversy.

Ark. Code Ann. § 6-41-216(g). Thus, both federal law and state law now provide that a party aggrieved by a decision of a hearing officer in an IDEA case must seek review in court within ninety days from the date that the hearing officer's decision is rendered.

The Education Department defendants argue that Brittany O's IDEA claim against them is time-barred because she filed her complaint more than ninety days after the hearing officer's final decision and order was issued. Document #74 at 3. Brittany O. argues that the ninety-day statute of limitations does not apply to her claims because she was the prevailing party in the underlying administrative action, not a party aggrieved. Document #82 at 6.

Brittany O need not have lost every issue in the underlying administrative action in order to be aggrieved by a finding or decision of the hearing officer. It is not unusual in litigation or in administrative proceedings for a party to prevail on some issues while losing on others. "Although we agree with the District, that the Plaintiff obtained a generally favorable result during the administrative processing of his claim, we conclude that he qualifies, as an aggrieved party, since

7

he contests those aspects of the administrative rulings which were found against him, and for which he has requested relief." *Moubry By and Through Moubry v. Independent School Dist. No. 696*, 951 F. Supp. 867, 883 (D. Minn. 1996); *Black's Law Dictionary* 1232 (9th ed. 2009) (An aggrieved party is "a party whose personal, pecuniary, or property rights have been adversely affected . . . by a court's decree or judgment."). Here, the decision dismissing the Education Department defendants was adverse to Brittany O; it is a decision as to which she is an aggrieved party. That decision became final on November 25, 2013, when the hearing officer's final decision was rendered. Pursuant to 20 U.S.C. § 1415(i)(2) and Ark. Code Ann. § 6-41-216(g), Brittany O had ninety days from that date to bring this action. She did not file her complaint until March 5, 2014, which is more than ninety days later. Her IDEA claims against the Education Department defendants are time-barred.

### B. Whether Brittany O states a claim under section 504 of the Rehabilitation Act.

In *Birmingham*, the Eighth Circuit held that "[w]here alleged ADA and § 504 violations are based on educational services for disabled children, the plaintiff must prove that school officials acted in bad faith or with gross misjudgment." *Birmingham*, 220 F.3d at 856. Brittany O's amended complaint does not allege that the Education Department defendants acted in bad faith or with gross misjudgment. Therefore, the complaint fails to state a claim for which relief can be granted against the Education Department defendants under section 504 of the Rehabilitation Act.

### C. *Whether the Education Department defendants are entitled to sovereign immunity on Brittany O's section 1983 claims.*

The Education Department defendants also contend that they are entitled to sovereign immunity. The only claims remaining against the Education Department defendants are Brittany O's claims under 42 U.S.C. § 1983. The Eighth Circuit has explained:

> While under the doctrine set forth in *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, the same doctrine does not extend to state or state agencies. *See Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.*, 443 F.3d 1005, 1017 (8th Cir. 2006), *vacated on other grounds*, 551 U.S. 1142, 127 S. Ct. 3000, 168 L. Ed. 2d 724 (2007) (recognizing that only state officials, as opposed to state agencies, can be sued for prospective injunctive relief and dismissing claims against state agency)[.]

*Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Accordingly, all of Brittany O's claims against the Arkansas Department of Education are dismissed. Her claim against Tony Wood in his official capacity for an injunction prohibiting the Arkansas Department of Education from assigning and transferring children enrolled in the Bentonville School District to Vista Health TDT is not barred by sovereign immunity and is not dismissed.

## III. MOTION TO DISMISS BY BENTONVILLE SCHOOL DISTRICT AND ITS EMPLOYEES, POORE, SHARP, REED, AND SIMPSON[4]

### A. *Whether the official capacity claims for money damages must be dismissed.*

The Bentonville School District defendants also argue that Brittany O's section 1983 claims against them in their official capacities must be dismissed because individual defendants sued in their official capacities are not persons within the meaning of section 1983. For authority, the school district defendants cite *Zar v. South Dakota Bd. of Examiners of Psychologists*, 976 F.2d 459, 464

---

[4] We refer to these defendants collectively as the "Bentonville School District defendants."

(8th Cir. 1992). In *Zar*, the Eighth Circuit held that a section 1983 action for money damages could not be maintained against members of the South Dakota Board of Examiners of Psychologists in their official capacities. *Id.* That holding was based on the proposition that state officers sued in their official capacities assume the identity of the governmental unit that employs them and that states are immune from suit for damages under section 1983. *See Hafer v. Melo*, 502 U.S. 21, 27, 112 S. Ct. 358, 362-63, 116 L. Ed. 2d 301 (1991).

The Supreme Court has held, however, that local government units are persons to whom section 1983 applies. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978). "Local governing bodies, therefore, can be sued under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690, 98 S. Ct. at 2035-36. Like other local government units, school districts are "persons" for purposes of section 1983 liability. *Stephenson v. Davenport Community Sch. Dist.*, 110 F.3d 1303, 1306 n.2 (8th Cir. 1997); *Braden v. Mountain Home Sch. Dist.*, 903 F. Supp. 2d 729, 735 (W.D. Ark. 2012). Therefore, the Bentonville School District defendants are mistaken when they argue that Brittany O's official capacity claims against them for monetary damages under section 1983 must be dismissed.

> **B.   Whether Brittany O's claim for attorneys' fees and costs under the IDEA is time-barred.**

As noted above, Brittany O commenced this action more than ninety days after the final decision was rendered by the hearing officer. Like the Education Department defendants, the Bentonville School District defendants contend that Brittany O's claim for attorneys' fees and costs were required to be brought within ninety days of that decision. Brittany O disagrees, citing

*Birmingham*, where, as noted, the Eighth Circuit held that claims for review of a hearing officer's IDEA decision would be governed by the Arkansas three-year period of limitations. *Birmingham*, 220 F.3d at 856. As noted above, the Eighth Circuit's opinion in *Birmingham* did not address the issue of when an action seeking attorneys' fees under the IDEA must be commenced; nor has the Eighth Circuit addressed the issue elsewhere.

The circuits are split on the issue of when a claim for attorneys' fees incurred during a due process hearing under the IDEA must be brought in federal district court. Kurtis A. Kemper, Annotation, *Statute of Limitations Applicable to, and Accrual of, Actions for Attorney's Fees Brought Under Individuals With Disabilities Education Act*, § 615(i)(3)(B), *as amended*, *20 U.S.C.A. § 1415(i)(3)(B)*. The issue generally is whether the most analogous state statute of limitations is the period of limitations that governs administrative appeals under state law or a longer statute of limitations that governs actions such as tort actions. *Id*. The Eleventh Circuit has held that a claim for attorneys' fees incurred in an IDEA due process hearing is an independent action, not a petition for review, and therefore should be governed by the longer state statute of limitations that governs independent actions. *Zipperer v. Sch. Bd. of Seminole Cnty., Fla.*, 111 F.3d 847, 851-52 (11th Cir. 1997). In contrast, the Sixth and Seventh Circuits have held that a claim for attorneys' fees arising out of a due process hearing under the IDEA is ancillary to the administrative action and therefore should be governed by the state statute of limitations that governs appeals from administrative decisions. *King v. Floyd Cnty. Bd. of Educ.*, 228 F.3d 622, 625-26 (6th Cir. 2000); *Powers v. Indiana Dep't of Educ.*, 61 F.3d 552, 556-59 (7th Cir. 1995). Two different judges from the District of Massachusetts arrived at opposite conclusions on this issue. *Cf. G-N v. City of Northampton*, Civil Action No. 14-30113-MGM, 2014 WL 6481953 (D. Mass. Nov. 20, 2014) (holding that a

claim for attorneys' fees under the IDEA should be governed by the three-year limitations period that governs tort claims under Massachusetts law); *B.D. ex rel. Doucette v. Georgetown Pub. Sch. Dist.*, Civil Action No. 11-10692-DPW, 2012 WL 4482152 (D. Mass. Sept. 27, 2012) (adopting the 30-day statute of limitations for judicial review of administrative actions as the most analogous Massachusetts state statute of limitations for claims for attorneys' fees under the IDEA).

In *Williams v. Cnty. of Dakota, Neb.*, 687 F.3d 1064 (8th Cir. 2012), the Eighth Circuit held that a district court abused its discretion by entering final judgment under Rule 54(b) in an employment discrimination case in which the parties reached a partial settlement and the district court then awarded attorneys' fees on the partial settlement. In holding that the district court abused its discretion by certifying the order awarding attorneys' fees as a final judgment under Federal Rule of Civil Procedure 54(b), the Eighth Circuit explained that the district court failed adequately to consider judicial administrative interests because whether the defendant was adequately compensated for legal work was intertwined with the remaining issues in the litigation. *Id.* at 1069. Similarly, the Eighth Circuit explained that the district court's decision conflicted with the interest in preventing piecemeal appeals because a future appeal may also involve an issue pertaining to attorneys' fees. *Id.*

While not directly on point, the Eighth Circuit's reasoning in *Williams* offers some guidance here. Resolving the issues presented by Brittany O's remaining claims inevitably will require revisiting the facts presented to the hearing officer in the due process hearing. Presentation of that evidence in this Court will shed light on the issues relating to the proper compensation due to Brittany O for attorneys' fees incurred in relation to the due process hearing. And, adopting Brittany O's argument that the three-year period of limitations should apply would create a risk of piecemeal

litigation inasmuch as, on that argument, as to the issues on which the party to a due process hearing is aggrieved, an action must be brought within ninety days of the hearing officer's decision, whereas a claim for attorneys' fees arising out of the same hearing could be commenced as much as three years after the decision. "There is no good reason why the statute of limitations for an action to recover fees that depend upon an agency's decision, should be longer than an appeal of the merits of the decision itself." *B.D. ex rel. Doucette*, 2012 WL 4482152, at *9.

In *Birmingham*, the Eighth Circuit adopted the three-year period of limitations in part because a thirty-day statute of limitations would not allow parents sufficient time to work with school officials to resolve educational disputes. *Birmingham*, 220 F.3d at 855. That consideration obviously is inapplicable to a claim for attorneys' fees.

For these reasons, the Court adopts the ninety-day period of limitations provided in Ark. Code Ann. § 6-41-216(g) as the period applicable to Brittany O's claim for attorneys' fees incurred in the due process hearing. That period of limitations is specific to claims under the IDEA, even though it does not expressly address claims for attorneys' fees related to a due process hearing. Adopting that period of limitations will avoid piecemeal litigation and ensure that all claims related to the due process hearing would be brought in a single action. Ninety days is ample time for the parents to prepare a claim for attorneys' fees and present it to the district court.

Brittany O's complaint was not filed within ninety days of the date that the hearing officer rendered his decision. Therefore, her claims for attorney's fees arising out of the due process hearing are barred.

## IV. THE BENTONVILLE SCHOOL DISTRICT DEFENDANTS' MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF ARKANSAS

The Bentonville School District defendants filed a motion to transfer venue to the Western District of Arkansas under 28 U.S.C. § 1404(a). Document #43. For the following reasons, that motion is GRANTED.

Brittany O filed her original complaint on March 5, 2014, and an amended complaint on July 16, 2014. Documents #1 and #10. With the dismissal of the Arkansas Department of Education, all remaining defendants except Tony Wood in his official capacity, Brad Reed, and Tom Kimbrell are located in Benton County. Document #43-1 at 2 ¶ 5. Brad Reed resides in Kansas. *Id.* Kimbrell was named as a defendant in his individual capacity in an amended complaint filed on July 16, 2014. More than six months has passed, and he has not been served. The only relief sought against Wood is an injunction preventing the Department of Education from transferring students from the Bentonville School District to Vista Health TDT. That same relief is sought against the Bentonville School District.

Twenty-Eight U.S.C. section 1404(a) governs when a federal district court may transfer an action to another district. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). It provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In addition to the enumerated factors, courts consider the "particular circumstances at hand and . . . all relevant factors." *Terra Int'l., Inc.*, 119 F.3d at 691. "A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2244, 101 L. Ed. 2d 22 (1988) which relate to convenience and fairness. *In re Apple, Inc.*, 602 F.3d 909, 912 (8th

Cir. 2010). Considerable deference is given to the plaintiff's choice of forum and the party seeking a transfer bears the burden of proving it is warranted. *Terra Int'l., Inc.*, 119 F.3d at 695.

Brittany O contends that section 1404(a) does not authorize transfer of this action to the Western District because the Western District is not a district in which the action could have been brought. Her argument is based on Ark. Code Ann. § 16-60-103(3), which provides that actions against the state or against state officers on account of their official actions shall be brought in Pulaski County, which is in the Eastern District of Arkansas. However, when considering whether to transfer venue, a state statute cannot defeat the command under 1404(a) that a district court consider all relevant circumstances. *See Stewart Org.*, 487 U.S. at 30-32, 108 S. Ct. at 2244-45.

In balancing the convenience factor under 1404(a), courts consider:

(1) the convenience of the parties, (2) the convenience of the witnesses–including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Terra Int'l, Inc.*, 119 F.3d at 696. As noted, all of the remaining defendants except Wood, in his official capacity, Reed, and Kimbrell reside in the Western District of Arkansas. Brittany O and L live in Benton County, which is in the Western District. Document #44 at 3. The events alleged to have harmed L took place in the Bentonville School District. Document #10. L began attending kindergarten at Thomas Jefferson Elementary in the Bentonville School District in August, 2012. *Id.* at 18 ¶ 34. Due to behavioral issues, L was transferred to Vista Health, a "therapeutic day treatment" center in Bentonville. *Id.* at 20 ¶ 39 through 22 ¶ 45. Brittany O alleges that Vista Health failed to provide a therapeutic day treatment program and subjected L to physical restraints, abuses and denied L a free appropriate education. *Id.* at 25 ¶ 51 and 26 ¶ 55. She alleges that

Bentonville School District failed to provide oversight, monitoring or communication regarding L's education throughout the 2012-13 school year. *Id.* All of these events occurred in Benton County. Any records and documents relating to the litigation are likely in that county as well, and any potential witnesses are also likely to be located in or near Benton County.

> When looking at the interests of justice, courts look to:
>
> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Terra Int'l, Inc.*, 119 F.3d at 696. Brittany O chose the Eastern District of Arkansas and deference is given to this choice, but the other factors weigh more heavily in favor of transferring this action to the Western District. As explained, the events occurred in Benton County, and most of the parties, witnesses, and records are located there. Benton County is more than two hundred miles from Little Rock, where this court sits, but it is adjacent to Washington County, where the District Court for the Western District sits. Litigating in the Western District, therefore, will be more convenient and less expensive than litigating in the Eastern District.

The convenience of the parties and witnesses and the interests of justice require this case to be transferred to the Western District of Arkansas.

### CONCLUSION

For the reasons stated, the motion to dismiss and amended motion to dismiss filed by Texarkana Behavioral Associates is GRANTED. Documents #17 and #45. Brittany O's claims against New Boston Enterprises, Inc., parent company of Texarkana Behavioral Associates, L.C., a wholly owned subsidiary, d/b/a Vista Health, d/b/a Vantage Point of Northwest Arkansas, are dismissed without prejudice. The Arkansas Department of Education's motion to dismiss for failure

to state a claim is GRANTED as to the Department but not as to the official capacity claims against Tony Wood for injunctive relief. Documents #19 and #73. The motion of the Bentonville School District defendants to dismiss is GRANTED IN PART and DENIED IN PART. Document #25. Brittany O's claims for attorneys' fees and costs for the due process hearing are dismissed with prejudice as time-barred. Without objection, Brittany O's claim under the No Child Left Behind Act is dismissed without prejudice. In all other respects, the motion to dismiss filed by the Bentonville School District defendants is denied. Finally, the motion of the Bentonville School District defendants to transfer venue to the Western District of Arkansas is GRANTED. Document #43. The Clerk is ordered to transfer this action to the Western District of Arkansas.

    IT IS SO ORDERED this 22nd day of January, 2015.

                                                   J. LEON HOLMES
                                                   UNITED STATES DISTRICT JUDGE