IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRITTANY O, as Parent and
Next Friend of L                                                              PLAINTIFF

V.                          CASE NO. 5:15-CV-5020

BENTONVILLE SCHOOL DISTRICT et al.                            DEFENDANTS

## OPINION AND ORDER

Currently before the Court are Plaintiff's Motion to Consolidate Cases or Alternatively, Motion to Dismiss Pursuant to Rule 41(a) (Doc. 102) and supporting Brief (Doc. 104), and Defendants' Responses in Opposition (Docs. 108 and 109). For the reasons given below, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed her original Complaint (Doc. 1) on March 5, 2014, in the Eastern District of Arkansas. One of the defendants named in her original Complaint was Vista Health, d/b/a Vista TDT, d/b/a Vantage Point of Northwest Arkansas. Plaintiff never served the Complaint on Vista Health within 120 days of the Complaint's filing, as required by Fed. R. Civ. P. 4. On July 16, 2014, she filed her Amended Complaint (Doc. 10). One of the defendants named in her Amended Complaint was New Boston Enterprises, Inc., Parent Company of Texarkana Behavioral Associates, L.C., a wholly owned subsidiary, d/b/a Vista Health, d/b/a Vantage Point of Northwest Arkansas—*i.e.*, the same defendant identified as "Vista Health" in her original Complaint, which had not been timely served with the original Complaint. On January 22, 2015, the Honorable J. Leon Holmes entered an Order transferring venue to this Court, and dismissing

1

Plaintiff's claims against Vista Health without prejudice under Fed. R. Civ. P. 4(m) because Plaintiff did not show good cause for her failure to timely serve Texarkana Behavioral Associates. *See* Doc. 85, pp. 4-5, 17.

On March 13, 2015, this Court conducted a Rule 16 case management hearing, for the purpose of clarifying which claims remained against which entities, as well as to set deadlines governing the litigation of this case through trial. During that hearing, Ms. Caldwell, counsel for Plaintiff, informed the Court that she intended to file a separate action against Vista Health here in the Western District of Arkansas, and to then move to consolidate that case with the instant one, so as to revive her claims against Vista Health that had been previously dismissed without prejudice by Judge Holmes for failure to timely perfect service. The Court then asked Ms. Caldwell what she believed would be a reasonable deadline for amending her Amended Complaint or consolidating this case with other actions. Ms. Caldwell replied, "I anticipate that being filed within the next three weeks, if not sooner."[1] In reliance on that representation by Ms. Caldwell, this Court entered an Order on March 20, 2015, "articulating what the Court understands to be the remaining claims and parties in this matter at this time," (Doc. 94, p. 1), and concluding with instructions that:

> If any party believes this Order erroneously characterizes the nature or identity of any of the remaining claims or defendants, then that party must file a motion, and supporting brief, for correction of this Order based on oversight or omission pursuant to Fed. R. Civ. P. 60(a) *by no later than April 3, 2015*. Otherwise, absent the granting of a *timely* motion for leave to add "new" claims, this matter shall be limited to the claims and causes of action enumerated above.

---

[1] Based on the Court's notes from the hearing, as confirmed by a review of the real-time transcript.

*Id.* at 4 (emphasis added). One day later, the Court entered a Case Management Order that stated, in relevant part, that "[l]eave to amend pleadings and/or to add or substitute parties shall be sought no later than **APRIL 30, 2015**." (Doc. 95, p. 2) (emphasis in original).

Six months later, on November 2, 2015, Plaintiff finally initiated a separate action against, *inter alia*, Veronica Odum (who is currently a defendant in the instant case); New Boston Enterprises, Inc.; and Texarkana Behavioral Associates, d/b/a Vista Health TDT and Vantage Point of Northwest Arkansas. (Case No. 5:15-cv-5269, Doc. 1). Now, more than seven months after the deadline to move for a correction of this Court's March 20 Order, and nearly seven months after the deadline to otherwise seek leave to amend pleadings or substitute parties, Plaintiff has filed the Motion to Consolidate that she represented to this Court more than *eight months ago* would be filed "within the next three weeks, if not sooner." Plaintiff provides no explanation in her Motion or accompanying Brief as to why this Motion is being filed roughly seven months past the deadline, much less does she articulate any good cause that would justify the delay. Instead, she simply argues that Vista Health "is a necessary party to the present action, was dismissed from the present case, and involves an intertwined set of facts arising from the same occurrence." (Doc. 102, ¶ 6). According to the Defendant School District, Plaintiff has "done very little to prosecute this case or to meet the deadlines set forth in the Case Management Order entered in March," and insists furthermore that "Plaintiff's claims against the District Defendants are premised on entirely different factual and legal issues than Plaintiff's claims against [Vista Health]." (Doc. 108, ¶¶ 5, 13). Plaintiff's Motion is now ripe for consideration.

## II. DISCUSSION

Rule 42 states that "[i]f actions before the court involve a common question of law or fact, the court *may*: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue *any other* orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a) (emphasis added). Rule 41 requires that if defendants have answered a plaintiff's complaint and have not all stipulated to that plaintiff's motion for voluntary dismissal, then "an action *may* be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision whether to grant a motion to consolidate is one committed to the sound discretion of this Court, *U.S. E.P.A. v. City of Green Forest, Ark.*, 921 F.2d 1394, 1402 (8th Cir. 1990), as is the decision whether to grant an opposed motion for voluntary dismissal, *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). In considering whether to grant a motion for voluntary dismissal, "a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Id.* (citations omitted). Furthermore, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.*

As noted above, Plaintiff contends that her separate actions before this Court involve a common question of law or fact, while the Defendant School District argues they do not.[2] The Court does not believe it is necessary at this time to determine which

---

[2] Defendant Odum states only that she is ready to proceed to trial as scheduled.

4

party is correct on this point, because the Court's ruling on the instant Motion would be the same regardless. Clearly, if the School District is correct that the facts and issues in these cases are disparate, then Rule 42 does not authorize consolidation here. But even if Plaintiff is correct that the facts are "intertwined," she has offered no explanation for her failure to comply with the deadlines for amending pleadings and adding or substituting parties that this Court imposed seven months ago. The Court will not exercise its discretion in a manner that would permit parties to ignore Court-imposed deadlines and perform procedural end-runs around any consequences for such failures to comply. The same reasoning leads the Court to conclude that at least three of the Rule 41 factors recited above weigh heavily against granting a voluntary dismissal here; specifically, the Court finds that Plaintiff has failed to present a proper explanation for her desire to dismiss, that dismissal would result in a waste of judicial time and effort, and that dismissal would permit Plaintiff to escape the Court's decision not to consolidate these actions.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Consolidate Cases or Alternatively, Motion to Dismiss Pursuant to Rule 41(a) (Doc. 102) is **DENIED**.

**IT IS SO ORDERED** on this 24th day of November, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE