IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRITTANY O, as Parent and
Next Friend of L                                                              PLAINTIFF

V.                              CASE NO. 5:15-CV-5020

BENTONVILLE SCHOOL DISTRICT et al.                        DEFENDANTS

## OPINION AND ORDER

On May 22, 2017, the Eighth Circuit remanded this case to this Court, for further proceedings on the issue of attorney fees relating to an administrative due process hearing that had preceded this lawsuit. On June 20, this Court held a status conference with counsel for Plaintiff Brittany O and counsel for Defendant Bentonville School District ("the District"), to discuss how best to proceed on this issue. During that conference, counsel for the District proposed that the Court set a settlement conference, to be conducted by Magistrate Judge Wiedemann, and to be held before the parties began incurring additional fees by briefing the matter of attorney fees. Counsel for Plaintiff then agreed that if counsel for the District was proposing such a settlement conference, then it would be worthwhile to schedule one. Accordingly, the parties were ordered to attend a settlement conference before Magistrate Judge Wiedemann on August 15, see Doc. 173, p. 1, and Plaintiff was given a deadline of October 6 to file a motion for attorney fees if the parties were unable to resolve the issue at the settlement conference, see Doc. 172.

The settlement conference was held as scheduled, but it was unsuccessful. A few days later, Plaintiff filed a Motion for Sanctions (Doc. 175), asking the Court to award her "$62,526.58 for her attorney's fees associated with the administrative due process

1

hearing, and $5,845.17 for her attorney's fees and costs associated with the Settlement Conference," *id.* at ¶ 14. Plaintiff contends these sanctions are warranted because no board members for the District attended the settlement conference; instead, the District's counsel was accompanied only by an employee of the District named Tanya Sharp, who was represented to have complete authority to settle the matter. *See id.* at ¶ 9. The Order Setting Settlement Conference required "all of the members of the board," or "a quorum" of the board "who have complete authority to agree to a settlement," or "a representative given such authority by the board members," to appear at the settlement conference. *See* Doc. 173, p. 1. Plaintiff alleges that the District's board never gave Ms. Sharp "complete authority to agree to a settlement," and that therefore the District violated the Order Setting Settlement Conference. She asks the Court to impose these sanctions under Fed. R. Civ. P. 16(f)(1), which authorizes the Court to sanction parties and attorneys who fail to appear at a pretrial conference, who are substantially unprepared to participate in a pretrial conference, who fail to participate in good faith in a pretrial conference, or who otherwise fail to obey a pretrial order.

The District opposes Plaintiff's Motion, arguing that Ms. Sharp had full authority to settle the case, and that this authority was properly given to her by the superintendent. The District points to policy number 1.11 from the board's policy manual, which states in pertinent part:

> The District shall operate within the legal frameworks of the State and Federal Constitutions and appropriate statutes, regulations, and court decisions. The legal frameworks governing the District shall be augmented by policies adopted by the Board which shall serve to further define the operations of the District. *When necessitated by unforeseen circumstances, the Superintendent shall have the power to decide and take appropriate action for an area not covered by the legal frameworks or a policy of the Board.*

2

(Doc. 177-4) (emphasis added). Settlement of lawsuits is one of those areas which the District contends are "not covered by the legal frameworks or a policy of the Board," thus making the authority to settle this case the superintendent's to delegate.

Plaintiff counters by citing to a string of cases that she claims say employees of school districts may not enter into contracts on the board's behalf. The Court does not believe any of those cases apply to the instant situation. One of them, *Johnson v. Blytheville Sch. Dist. by its Bd. of Dirs.*, concerns an Arkansas statute specifically governing school district *employment* contracts. See 2017 Ark. App. 147, at *5 (discussing Ark. Code Ann. § 6-13-620(5)(A)(ii)(a)). Another is a 1910 case concerning an Arkansas statute specifically governing school district expenditures on "maps, charts, etc." *See First Nat'l Bank v. Whisenhunt*, 94 Ark. 583, 127 S.W. 968, 969 (1910). Another two are cases from 1922 and 1927, concerning an Arkansas statute specifically governing the purchase or erection of new schoolhouses. *See Ark. Nat'l Bank v. Sch. Dist. No. 99, Washington Cnty.*, 152 Ark. 507, 238 S.W. 630, 631–32 (1922); *Rural Special Sch. Dist. No. 50 v. First Nat'l Bank*, 173 Ark. 604, 292 S.W. 1012, 1015–16 (1927). And the sole remaining case held invalid a contract that one member of a school board purported to form on behalf of the district, where the other board members were unaware of his action and he was not otherwise authorized by law or policy to act on their behalf. *See Beckley-Cardy Co. v. West Point Special Sch. Dist. No. 3 of White Cnty.*, 209 Ark. 792, 192 S.W.2d 540, 542–43 (1946).

Here, Plaintiff does not contend that the board lacks authority to settle lawsuits against the District; rather, she simply insists that the board did not, or perhaps even could not, delegate that power to the superintendent. But Plaintiff points to no legal authority

3

or board policy that covers settlement of lawsuits. And the District, as previously noted, has pointed to a catch-all provision in the board's policy manual that authorizes the superintendent to "take appropriate action for an area not covered by the legal frameworks or a policy of the Board." See Doc. 177-4. Thus, it appears to the Court that the District *can* and *did* impliedly authorize the superintendent to settle this case pursuant to policy number 1.11, and that the superintendent acted within her discretion under that same policy by delegating her authority in this matter to Ms. Sharp. In other words, the Court sees no basis for concluding that the District violated its prior Order setting the settlement conference.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions (Doc. 175) is **DENIED**. The deadline for Plaintiff to file a motion for attorney fees as contemplated by the Amended Case Management Order remains October 6, 2017. See Doc. 172.

**IT IS SO ORDERED** on this 12th day of September, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE